UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| THE NORDAM GROUP INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 09-CV-0245-CVE-TLW |
| | ) | |
| PRATT & WHITNEY CANADA CORP., | ) | |
| JEAN PIERRE LAIR, and AERONAUTICAL | ) | |
| CONCEPT OF EXHAUST, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Now before the Court are Pratt & Whitney Canada Corp.'s Motion for an Extension of Time to Answer (Dkt. # 41) and Defendants Jean Pierre Lair and Aeronautical Concept of Exhaust, LLC's Motion to Extend Time to Answer (Dkt. # 42). Defendants ask the Court to grant them an extension of time to answer plaintiff's complaint due to a pending lawsuit in the Superior Court of Quebec, District of Montreal, Case No. 500-17-049912-093 (Quebec litigation) involving the same subject matter and the same parties. They claim that plaintiff is attempting to litigate the same issues in both cases, and defendants should not be forced to litigate the same issues in two forums. Plaintiff responds that the pendency of two lawsuits does not prevent defendants from answering the complaint, and defendants may still seek a stay of this case after answering the complaint or filing an appropriate motion under Fed. R. Civ. P. 12. Dkt. # 44, at 4.

Plaintiff filed this lawsuit on April 24, 2009 alleging that defendants breached contractual provisions concerning the use and ownership of plaintiff's intellectual property. On April 27, 2009, plaintiff filed the Quebec litigation asserting similar claims. The parties are identical in both cases. In this case, plaintiff served Pratt & Whitney Canada Corp. (Pratt & Whitney) on April 27, 2009

(Dkt. # 9), and Pratt & Whitney's answer was due on May 18, 2009. Plaintiff served Jean Pierre Lair and Aeronautical Concept of Exhaust, LLC (Aeronautical Concept) on May 12, 2009 (Dkt. ## 14, 15), and their answer was due on June 1, 2009.

Both defendants requested extensions of time to answer. Pratt & Whitney requested its first extension of time to answer (Dkt. # 11) on May 14, 2009, and the Court extended Pratt & Whitney's deadline to file an answer until June 11, 2009 (Dkt. # 13). On June 9, 2009, Pratt & Whitney filed a second motion (Dkt. # 27) for an extension of time to answer, because the parties were working out a protective order. The Court granted the motion, and ordered Pratt & Whitney to file an answer or other responsive pleading no later than June 16, 2009. Dkt. # 28. Pratt & Whitney requested a third extension of time to answer (Dkt. # 29) for the same reason, and the Court extended Pratt & Whitney's answer deadline to July 8, 2009 (Dkt. # 30). Defendants Lair and Aeronautical Concept stated that they did not obtain counsel until May 27, 2009, and requested an extension of time to answer. Dkt. # 21 The Court granted Lair's and Aeronautical Concept's motion, and their answer was due no later than June 22, 2009. Dkt. # 24. On June 17, 2009, Lair and Aeronautical Concept filed a second motion (Dkt. # 34) for an extension of time to answer, and the Court extended their answer deadline to July 8, 2009 (Dkt. # 37).

In their most recent request for an extension of time to answer, defendants assert that they should not be required to answer until the Canadian court issues a ruling on plaintiff's motion to suspend proceedings in the Quebec litigation following a hearing on July 24, 2009. Pratt & Whitney's Canadian counsel, David R. Collier, states in an affidavit that a motion to suspend is similar to a motion to stay in American courts, and the Canadian court's ruling on the motion to suspend will determine whether the Quebec litigation will go forward. Dkt. # 41, Ex. 1. Defendants

also state that they may request a stay of these proceedings depending upon the Canadian court's ruling on the motion to suspend in the Quebec litigation. Plaintiff states that the Quebec litigation is not nearly as broad as represented by defendants, and it involves much narrower legal issues than this case. Plaintiff claims that it intended for this case to be the primary lawsuit, but it filed the Quebec litigation to prevent the statute of limitations from running should it need to file claims in Canada. Plaintiff argues that its decision to file a motion to suspend in the Quebec litigation evidences its intention of proceeding in this Court, and it should be permitted to proceed with this case regardless of the pending motion to suspend in the Quebec litigation.

The Court has reviewed defendants' motions for an extension of time to answer, and finds that they should be denied. Defendants' motions for extensions of time to answer are the equivalent of a request to stay these proceedings until the Canadian court has resolved the pending motion to suspend in the Quebec litigation. The fact that plaintiff has filed the Quebec litigation does not impact defendants' ability to file answers or raise any objections they may have to proceeding in this Court.[1] The Court will not continue to extend defendants' time to answer based solely on the fact that a similar case is pending in another court. If defendants intend to request a stay of this litigation, they may do so directly and file a motion to stay these proceedings. The Court also notes that this case was filed first and, under American jurisprudence, this Court should be given the first opportunity to decide if this case will go forward. See Hospah Coal Co. v. Chaco Energy Co., 673 F.2d 1161, 1163 (10th Cir. 1982) ("Both parties recognize the general rule that when two courts

---

[1] Plaintiff suggests that defendants are reluctant to proceed in this Court, because they are attempting to avoid a finding by this Court that they are subject to personal jurisdiction in this judicial district. The Court takes no position on this issue, except to note that the Quebec litigation will not prevent defendants from raising an objection to this Court's exercise of personal jurisdiction over them.

have concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case."). While plaintiff is the party that chose to file two lawsuits over similar subject matter, plaintiff's conduct suggests that it intends to litigate the merits of its claims in this Court, and it should be permitted to proceed unless defendants can identify a legitimate reason to stay these proceedings. Defendants have not shown that the Quebec litigation has any impact on their ability to answer the complaint, and their motions for an extension of time to answer the complaint should be denied.

**IT IS THEREFORE ORDERED** that Pratt & Whitney Canada Corp.'s Motion for an Extension of Time to Answer (Dkt. # 41) and Defendants Jean Pierre Lair and Aeronautical Concept of Exhaust, LLC's Motion to Extend Time to Answer (Dkt. # 42) are **denied**. Defendants' answers to plaintiff's complaint are due no later than **July 13, 2009**.

**DATED** this 8th day of July, 2009.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT